NEW YORK AND E. TENN. IRON COMPANY v. SAMUEL L. STEPHENS et al., and S. L. STEPHENS v. N. Y. AND E. TENN. IRON CO.

MINING LEASE. *Construction.* A granted to B "the privilege of taking iron ore from his premises in such quantities as may be desired, provided it was taken from the lot now opened," described by metes and bounds, 50 by 300 feet, "and in the event the ore in said lot becomes exhausted, then B has the privilege of opening and working another lot adjacent"—the right to continue thirty years. *Held:*

1. That the contract was not void as to "another lot adjacent" for want of description thereof.

2. That practical, not entire and literal, exhaustion of the ore on the first lot was all that was required.

3. That the grant did not deprive A of his right to mine ore on his land adjacent to the leased lot.

4. That A is entitled to recover the value of ore taken by B from land adjacent before the exhaustion of the lot first opened and worked.

FROM GREENE.

Appeal from the Chancery Court at Greeneville. H. C. Smith, Ch.

H. H. Ingersoll and R. M. McKee for complainant.

Robinson & Maloney for defendant.

Deaderick, C. J., delivered the opinion of the court.

The complainant, in the original bill, seeks to restrain defendant S. L. Stephens from interfering with his rights under an article of agreement of the 12th of August, 1867. This agreement was made with one Talmage by said Stephens and assigned to complainant. By this agreement, or lease, Stephens stipulates to grant the privilege of taking iron ore from his premises in such quantity as may be desired, provided it is taken from the lot then opened, which is described by metes and bounds as being 50 feet wide and 300 feet long, and known in the record as the "Atkins lot." The lease then proceeds as follows: "And in the event the ore in said lot becomes exhausted, then the second party has the privilege of opening and working another lot adjacent," etc. For the privileges granted the second party was to pay one-half pound of bar iron for every hundred pounds of pig-metal made; the lease to subsist for the period of thirty years.

Defendant Stephens filed answer as a cross-bill, denying that he had interfered with complainant's rights, and insisting that the ore on the Atkins lot was not yet exhausted, and that if it were, complainant cannot work elsewhere upon his premises because of the uncertainty of the provisions of the lease as to the place, and that the authority to work on another lot was void, no other lot being laid off; that it had failed to pay for ore taken, had taken large quantities of ore off the premises not on the Atkins lot, and was bound to account for the same; that it had abandoned the making of iron for a long time, and resumed only on another subsequent contract, which it had not fulfilled, and that its contract was forfeited.

Complainant answered this cross-bill, and denied its material allegations.

Depositions were taken, and on the hearing the chancellor dismissed complainant's bill, upon the ground that he had not exhausted the ore on the Atkins lot, and because the terms of the agreement are too uncertain and indefinite to carry any title or right to mine on any other part of said Stephens' land. The chancellor further adjudged that complainant had taken large quantities of ore from said Stephens' land other than the Atkins lot, and ordered an account of the damage done Stephens for failure of the Iron Company to exhaust the ore on the Atkins lot before mining elsewhere, and to ascertain the amount and value of the ore taken from said Stephens' land elsewhere than off the Atkins lot.

From this decree the complainant appealed.

We are of opinion that the chancellor's decree that said Iron Company had not exhausted the ore upon the Atkins lot is correct, and that Stephens is entitled to compensation for ore which was taken from his lands elsewhere than from the Atkins lot, but is not entitled to any compensation *for failure to exhaust* the ore upon the Atkins lot. And, although the language of the lease is indefinite as to the boundaries of an adjacent lot, it is manifest that both parties thereto contemplated that if the Atkins lot was exhausted, the Iron Company should have the privilege of taking ore from an "adjacent lot." And we hold the fair interpretation and meaning of this provision to be, that the Iron Company may select a lot, of the width and length of the Atkins lot, near to it, upon the exhaustion of the ore upon said Atkins lot. But this privilege can only be exercised when, after careful and judicious mining, it is demonstrated that no more ore can be obtained, in quantity and quality, and by the usual and practical methods of mining, from the Atkins lot. While it is not intended that the Iron Company, however abundant and valuable the ore may be, shall be required to follow it to the center of the earth, or where the outlay would exceed its value, or that every spadefull should be mined, they must, in good faith and by proper, practical and approved methods, exhaust said ore in the Atkins lot before resorting to their right to select another lot near to said Atkins lot. But said Company has no right, under this construction of the lease or agreement, to restrain said Stephens from the

use and disposition of the ore upon his lands outside of the Atkins lot, as at present used.

As, from complainant's own showing, the ore on the Atkins lot is not now exhausted, and as it may last even for the unexpired term of the lease, we are of opinion that it is now entitled to no relief, and that the bill be dismissed, and the cause be remanded for account and further proceedings under the cross-bill, and that the decree be modified as indicated in this opinion, and that each party pay one-half the costs accrued in this court.